LOCKE LORD LLP
Michael F. Perlis (State Bar No. 095992)
mperlis@lockelord.com
Cary Joy Economou (State Bar No. 211438)
ceconomou@lockelord.com
300 South Grand Avenue, Suite 2600
Los Angeles, CA  90071
Telephone:  213-485-1500
Facsimile:   213-485-1200

Attorneys for Plaintiff
Evanston Insurance Company

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVANSTON INSURANCE COMPANY, an Illinois Corporation,<br><br>                    Plaintiff,<br><br>     vs.<br><br>SAN DIEGO SUNRISE MANAGEMENT COMPANY, a California Corporation,<br><br>                    Defendant. | CASE NO. **'18CV0062 BAS KSC**<br><br>COMPLAINT FOR BREACH OF CONTRACT AND DECLARATORY RELIEF<br><br>DEMAND FOR JURY TRIAL |

Plaintiff Evanston Insurance Company alleges as follows:

## THE PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Evanston Insurance Company ("Evanston") is an Illinois Corporation centered in Deerfield, Illinois.

2. Defendant San Diego Sunrise Management Company, with a business address of 7837 Convoy Ct., Suite 100, San Diego, Ca 92111, is a California

Corporation in good standing, with its principal place of business and center of operations in San Diego, California.

3. Defendant is purportedly the Named Insured under REAL ESTATE SERVICES AND PROPERTY MANAGEMENT SERVICES PROFESSIONAL LIABILITY INSURANCE POLICY No. EO868344 (the "Policy"), which Evanston issued to Defendant for the Policy Period of August 19, 2017 to September 2, 2018. The Policy has a $1 million aggregate and $1 million per Claim limit of liability, subject to a $5,000 deductible.

4. This Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1332(a) because the parties are citizens of different States and/or foreign states, and the amount in controversy exceeds $75,000.00.

5. Venue is appropriate pursuant to 28 U.S.C. § 1391(b) because it is the location of the principal place of business of the Named Insured, to which Evanston delivered the subject Policy, and is the location in which the Insured received the coverage determination underlying this matter thereby being the location that a substantial portion of the events at issue in this coverage dispute occurred.

## SUMMARY OF THIS DISPUTE

6. Evanston and Defendant are parties to a contract of insurance, Real Estate Services and Property Management Services Professional Liability Insurance Policy, No. EO868344 (the "Policy"), a true and correct copy of which is attached hereto as Exhibit "A". Defendant is the Named Insured under the Policy, subject to its terms and conditions.

7. Defendant tendered for coverage under the Policy an action entitled *Yuna Rose Roller, et al. v. Brighton Place Apartments, LLC, et al.*, Case No. 2017-014108, filed in the Superior Court, County of Maricopa, on October 23, 2017 (the "*Roller* Claim").

8. The Named Insured is the property manager for the Brighton Place Apartments, which apartments are located at 222 East Cody Drive, Phoenix, Arizona.

COMPLAINT FOR BREACH OF CONTRACT AND DECLARATORY RELIEF

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA, 90071

9. The Roller family (a husband and wife and their two children) occupied Apartment No. 141 at Brighton Place Apartments.

10. On March 8, 2017, a fire broke out in Apartment No. 141. As a result of the fire, which was not promptly detected due to the failure of smoke alarms within the apartment, two minors and their mother were burned and suffered permanent scarring and disfigurement.

11. Evanston was not given notice of the fire at the Brighton Place Apartments at any time prior to receiving a copy of the complaint filed in the *Roller* Claim, which was filed on October 23, 2017.

12. The *Roller* Claim alleged that the defendants, including the Named Insured, failed to maintain functioning smoke alarms within Unit No. 141 and that failure resulted in injuries to plaintiffs.

13. The complaint filed in the *Roller* Claim asserted the following causes of action: Personal Injury Claim of Yuna Rose Roller (minor); Personal Injury Claim of James Nyght Roller (minor); Personal Injury Claim of Andrea V. Young (mother); and Loss of Consortium Claims of Andrea Young and Christopher Roller based on the injuries suffered.

14. The prayer for relief set forth in the complaint filed in the *Roller* Claim requested was "an amount which is fair and just to compensate Plaintiffs for their general and special damages, for their costs incurred herein, and for such other and further relief as is just and proper."

15. On October 27, 2017, Evanston was provided notice of the *Roller* Claim, which Evanston acknowledged on November 9, 2017.

16. On December 21, 2017, Evanston was given notice of a policy limits demand dated December 15, 2017 (which demand was set to expire on January 12, 2018), wherein plaintiffs in the *Roller* Claim demanded a total of $7,000,000, comprised of the limits of the Policy and the policy(ies) held by co-defendant Brighton Place Apartments LLC, the owner of the apartments.

17. On January 10, 2018, Evanston responded to the Named Insured regarding coverage for the *Roller* Claim.

18. The Named Insured was informed that (1) the *Roller* Claim is ineligible for coverage under the Policy's Insuring Agreement because it is based upon and arises out of facts and circumstances of which the Named Insured had knowledge prior to the inception of the Policy; (2) coverage is barred by the Application exclusion, which is incorporated into the Policy, because neither the *Roller* Claim nor the circumstances on which it was based were disclosed to Evanston as required in the August 10, 2017 Application for the Policy; and (3) coverage would also be barred by various exclusions in the Policy, including the bodily injury and notice to other insurance policies exclusions, if it were otherwise available (which it is not). The Named Insured was also informed that this Complaint had been filed and was provided with a copy.

19. The Named Insured completed on August 10, 2017, and forwarded to Evanston thereafter, an Application for the Policy. (A true and correct copy of the Application is attached hereto as Exhibit "B.") The Application, which was signed by Mr. Marc Corless, contained Question 2 in Section IV. (Claims/History), which asked: "Is the Applicant or any principal, partner, owner, officer, director, employee, manager or managing member of the Applicant or any person(s) or organization(s) proposed for this insurance aware of any fact, circumstance, situation, incident or allegation of negligence or wrongdoing, which might afford grounds for any claim such as would fall under the proposed insurance?" The Named Insured checked the box marked "NO." The Named Insured did not disclose the March 8, 2017 fire despite the fact it had been aware of the fire since March 9, 2017.

20. The Application provided above the signature line the following: "No fact, circumstance, situation or incident indicating the probability of a "Claim" or action for which coverage may be afforded by the proposed insurance is now known by any person(s) or organization(s) proposed for this insurance other than that which

is disclosed in this application. It is agreed by all concerned that if there be any such fact, circumstance, situation or incident, any "Claim" subsequently emanating therefrom shall be excluded from coverage under the proposed insurance."

21. Pursuant to the above provision (the "Application Exclusion"), coverage for the *Roller* Claim is excluded under the Policy, because the Named Insured was aware of facts, circumstances, situations, and/or incidents from which the *Roller* Claim emanated, specifically the fire at the Brighton Place Apartments, as of August 10, 2017, when Mr. Corless signed the Application.

22. The above-quoted Application Exclusion is incorporated into the Policy pursuant to Section Other Conditions B. Representations, which provides as follows: "By acceptance of this policy, the Insureds agree as follows: (1.) that the information and statements contained in the application(s) are the basis of the policy and are to be considered as incorporated into and constituting a part of this policy; and (2.) that the information and statements contained in the application(s) are their representations, that they shall be deemed material to the acceptance of the risk or hazard assumed by the Company under this policy, and that this policy is issued in reliance upon the truth of such representations."

23. The *Roller* Claim is also excluded because the Policy's Insuring Agreement requires, among other things, "that prior to the effective date of this policy the Insured had no knowledge of such Wrongful Act or Personal Injury or any fact, circumstance, situation or incident which may have led a reasonable person in the Insured's position to conclude that a Claim was likely." As stated above, the Named Insured, prior to inception of the Policy, was aware of facts, circumstances and situations that would lead a reasonable person in the Insured's position to conclude a Claim was likely.

24. There is also no coverage for the *Roller* Claim because the Policy does not provide coverage for any Claim "based upon, arising out of, or in any way involving any Wrongful Act, Personal Injury, Lock Box Event or Fair Housing Act

Discrimination or any fact, circumstance, situation or incident that has been the subject of any notice given prior to the Policy Period under any other policy of insurance or to any reinsurer, risk retention group or captive (or any other self-insurance plan or trust by whatsoever name) or insurance representative[.]" (Exclusion J.)

25. There is also no coverage for the *Roller* Claim because the Policy does not provide coverage for any Claim "based upon, arising out of, or in any way involving any actual or alleged bodily injury, sickness, disease or death of any person. (Exclusion L(1)).

26. Even if this Court were to find coverage available for the *Roller* Claim (which it should not), any coverage would be excess of any other insurance available to the Named Insured based on the express language of the Policy, Section D. Other Insurance, which provides that the Policy "shall be in excess of the Deductible stated in Item 5. of the Declarations and any other insurance available to the Insured whether such other insurance is stated to be primary, contributory, excess, contingent or otherwise, unless such other insurance is written only as a specific excess insurance over the Limits of Liability provide in this policy."

## COUNT ONE: DECLARATORY RELIEF

27. Evanston hereby incorporates by reference Paragraphs 1 through 26, above, as if fully set forth herein.

28. By virtue of the foregoing matters, an actual and justifiable controversy has arisen and now exists between the parties, within the jurisdiction of the Court, regarding whether coverage is available under the Policy for the *Roller* Claim.

29. Declaratory relief is both appropriate and necessary in light of the conflicting positions of the parties with respect to the Policy and the *Roller* Claim. Evanston desires a judicial determination of the parties' respective rights and obligations in connection with the Policy and the *Roller* Claim.

30.     For the reasons set forth above, Evanston respectfully requests that this Court confirm that no coverage is available to the Named Insured, or any Insured, under the Policy for the *Roller* Claim.  In the event this Court determines coverage is available, Evanston respectfully requests that this Court confirm that the Policy is excess to any other policy of insurance available to the Named Insured.

### COUNT TWO: BREACH OF CONTRACT

31.     Evanston hereby incorporates by reference paragraphs 1 through 30 above, as if set forth fully herein.

32.     Evanston has performed all conditions, covenants, and promises required to be performed on its part except those excused, hindered or prevented by Defendant.

33.     Defendant breached the Policy by falsely stating in the Application that no Insured had "any knowledge or information of any act, error or omission which might reasonably be expected to give rise to a claim[,]" thereby depriving Evanston of is right to consider that information in connection with its decision to issue the Policy on the terms that it did, for the premium it charged.

34.     Evanston has been damaged by Defendant's breach of the Policy/Application, in a still undetermined amount according to proof, because Defendant's false statement and failure to disclose have hindered and delayed Evanston's investigation of and participation in Defendant's defense of the Claim, thereby unnecessarily subjecting Evanston to still undetermined exposure in connection with that matter, for which Evanston intends to hold Defendant responsible.

35.     As a result of Defendant's breach, Evanston has suffered damages, and continues to suffer damages, in an amount to be proven at trial, but no less than $75,000.00.

WHEREFORE, Plaintiff Evanston Insurance Company, a Illinois Company prays for the following relief:

1. That this honorable Court should determine and declare the parties' respective rights and obligations under the Policy and at law.

2. That this honorable Court should find and declare that the Policy provides no coverage for the Claim or any sums incurred in connection therewith.

3. Compensatory damages in an amount no less than $75,000.00, the specific amount to be determined at trial.

4. Costs incurred in this matter.

5. Such other and further relief as the Court deems just and proper.

Dated: January 10, 2018

Respectfully submitted,
LOCKE LORD LLP

By: */s/ Michael F. Perlis*     .
Michael F. Perlis
Cary Joy Economou

Attorneys for Plaintiff
Evanston Insurance Company,

COMPLAINT FOR BREACH OF CONTRACT AND DECLARATORY RELIEF

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38 and Southern District Civil L.R. 38.1, Plaintiff Evanston Insurance Company hereby demands a trial by jury.

Dated:  Janaury 10, 2018          LOCKE LORD LLP


By: */s/ Michael F. Perlis*
    Michael F. Perlis
    Cary Joy Economou

Attorneys for Plaintiff,
EVANSTON INSURANCE COMPANY

COMPLAINT FOR BREACH OF CONTRACT AND DECLARATORY RELIEF